# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-635-RJC-DCK

| | |
|---|---|
| TRIANGLE AUTOMOTIVE COMPONENTS, LLC, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| SUMINOE TEXTILE OF AMERICA CORPORATION, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

This cause coming on to be heard on Plaintiff and Defendant's joint request pursuant to Rule 26 of the Federal Rules of Civil Procedure for the entry of a protective order limiting the disclosure of documents and information generated during discovery, or otherwise, in this action. Having considered the parties' request, the Court finds there is good cause for the entry of a protective order.

THEREFORE, it is hereby, ORDERED, ADJUDGED and DECREED as follows:

**1.     Scope**

This Order applies to all products of discovery, whether produced informally or through formal methods of discovery, and all information derived therefrom, including, but not limited to, all documents, data compilations, electronically stored information, computer disks, objects or things, deposition testimony, affidavits, interrogatory/request for admission responses, or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements

of any court order, request for production of documents, request for admissions, interrogatory, or subpoena (collectively, "Discovery Materials").

2. **"Confidential" or "Highly Confidential" Material Defined**

For the purposes of this Order, Discovery Materials may be designated as "Confidential" pursuant to Paragraph 4 of this Order or "Highly Confidential" pursuant to paragraph 8 of this Order. A party may designate as "Confidential" or "Highly Confidential" any discovery material he or it reasonably and in good faith believes to contain confidential business information, sensitive financial information, or highly sensitive personal information.

3. **Use of "Confidential" or "Highly Confidential" Material**

Unless otherwise expressly permitted by this Court or by express written agreement of the parties, all "Confidential" or "Highly Confidential" material produced or discovered in this case shall be used solely for the prosecution or defense of this case, and shall not be used by any party, their counsel of record or any other person to whom such "Confidential" or "Highly Confidential" material is disclosed for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, or commercial purpose or function.

4. **Procedure for Designating Material as "Confidential" or "Highly Confidential"**

The parties shall designate "Confidential" or "Highly Confidential" material in the following manner:

   a. In the case of documents or other written materials, by affixing the word or phrase "Confidential" or "Highly Confidential" by stamp or other method

which will make that word or phrase conspicuous, to each page of the document the party wishes to designate as "Confidential" or "Highly Confidential"; or

b. In the case of electronic data, including but not limited to information produced on a hard drive, cd-rom, dvd-rom, thumb drive or other electronic media ("medium of production"), by providing written notice to the party requesting production identifying the material being designated as "Confidential". or "Highly Confidential." To the extent possible, the designating party shall also label the medium of production with the appropriate designation hereunder (*i.e.* "Confidential" or "Highly Confidential"). However, any failure or inability to affix such label to the medium of production shall not waive any protection provided by this Order.

c. In the case of depositions or other pretrial testimony in this action, by designating any portion or all of a deposition as "Confidential" or "Highly Confidential" by notifying the other parties on the record during the deposition, or alternatively, such party may designate information disclosed at such deposition as "Confidential" or "Highly Confidential" by notifying all the parties in writing, within thirty (30) days of the receipt of the deposition transcript, of the specific pages and lines of the transcript which are to be regarded as either "Confidential" or "Highly Confidential." The parties shall automatically treat all information disclosed at a deposition as "Confidential" or "Highly Confidential" for thirty (30) days after receipt of the transcript; or

d. In the case of written discovery or pleadings, by affixing the word or phrase "Confidential" or "Highly Confidential" by stamp or other method which will make that word or phrase conspicuous to the specific portion(s) of such written discovery or pleadings containing "Confidential" or "Highly Confidential" material. Any such written discovery or pleading containing "Confidential" or "Highly Confidential" material may be filed with the Court only in accordance with Paragraph 8 of this Order.

Any party may designate as "Confidential" or "Highly Confidential" documents or other material produced by third parties in this litigation. Third parties producing documents or other material in connection with this case may also designate such documents or materials as "Confidential" or "Highly Confidential" pursuant to this Order.

5. **Non-Disclosure of "Confidential" Material and "Highly Confidential" Material**

Except with the prior written consent of the party or other person originally producing "Confidential" material, or as hereinafter provided under this Order, no "Confidential" material, or any portion thereof, may be disclosed to any person, except as set forth in Paragraph 6 below. Except with the prior written consent of the party or other person originally producing "Highly Confidential" material, or as hereinafter provided under this Order, no "Highly Confidential" material, or any portion thereof, may be disclosed to any person, except as set forth in paragraph "8" below.

6. **Permissible Disclosures of "Confidential" Material**

Notwithstanding Paragraph 5 of this Order, material designated only as "Confidential" may be disclosed to and used only by:

a. counsel of record for the parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in this case;

b. inside legal counsel to the parties in this case;

c. the Court;

d. court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

e. the author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document;

f. the parties in this case, including any employees, agents, members or member-representatives, to the extent reasonably necessary to render professional services in this case and/or to assist with the prosecution or defense of this case;

g. subject to the limitations below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

h. subject to the limitations below, persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

i. subject to the limitations below, outside consultants or outside experts[1], including their support personnel, retained for the purpose of assisting

---

[1] Outside experts or outside consultants shall not include the parties or their employees.

counsel of record or inside counsel of the parties in this case or to serve as an expert witness in this case;

j.  subject to the limitations below, any mediator selected with the consent of all parties.

The parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (g) through (i) above a signed Acknowledgement of Protective Order, attached hereto as <u>Exhibit A</u>, prior to such disclosure. Counsel providing access to "Confidential" material shall retain copies of the executed Acknowledgement(s). Nothing in this Order shall be deemed to restrict the right of any party to give its own materials to others or otherwise utilize its own "Confidential" material in any manner that it sees fit.

**7.  Additional Procedure for Highly Confidential Discovery Materials in Depositions**

At a deposition, any party may designate testimony as "Highly Confidential" and portions of deposition transcripts so designated shall be transcribed separately and clearly marked "Highly Confidential." All persons present at the deposition except the witness, counsel, the court reporter, and any person authorized under the terms of Paragraph 8, below, shall leave the room while the designated testimony is being given. The parties may also thereafter designate any additional portions thereof "Highly Confidential" by advising the other party in writing. All parties shall thereupon mark those portions of the deposition "Highly Confidential."

**8.  Permissible Disclosure of "Highly Confidential"**

Notwithstanding paragraph 5 of this order, information designated as "Highly Confidential" is intended to be viewed only by the eyes of outside counsel for the parties and those persons defined in subparagraphs a, c, d, e, g, i, and j of paragraph 6 above. For

such persons referenced in the foregoing subparagraphs g and j, the information designated as "Highly Confidential" shall only be disclosed after such persons, prior to disclosure, have signed an Acknowledgement of Protective Order, attached hereto as Exhibit A. Counsel providing access to "Highly Confidential" material shall retain copies of the executed Acknowledgement(s). Nothing in this Order shall be deemed to restrict the right of any party to give its own materials to others or otherwise utilize its own "Highly Confidential" material in any manner that it sees fit.

9. **Inadvertent Disclosures**

The parties agree that in the event the producing party or other person inadvertently fails to designate Discovery Materials as "Confidential" or "Highly Confidential" it may make such a designation subsequently by notifying all persons and parties to whom such Discovery Materials were produced, in writing, within thirty (30) days of the producing party first discovering such inadvertent disclosure. In no event, however, may a producing party or other person designate or re-designate inadvertently produced materials within sixty (60) days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated Discovery Materials as "Confidential", or "Highly Confidential" material, subject to their right to dispute such designation in accordance with Paragraph 9. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notification.

10. **"Confidential" or "Highly Confidential" Material in Depositions, Filings, and Trial**

In the event that "Confidential" or "Highly Confidential" material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition

transcript, appendices or exhibits to briefs, or any other paper filed with this Court, such "Confidential" or "Highly Confidential" material shall be submitted for filing under seal and kept under seal by the Clerk of this Court until further Order of this Court; provided, however, that the papers shall be furnished to the Court and counsel of record for the parties, and a duplicate copy with the "Confidential" or "Highly Confidential" material deleted may be placed in the public record.

All "Confidential" or "Highly Confidential" material filed with or submitted to the Court shall be conspicuously marked "**CONFIDENTIAL MATERIAL PURSUANT TO COURT ORDER**" prior to filing or submission and shall be accompanied by a written request that the material be placed under seal. Following the close of discovery and prior to trial, the parties shall stipulate to a modification of this Order as to the handling of "Confidential" material at trial or any other court hearing in this case.

11. **Relief from Protective Order**

This Order shall be without prejudice to the right of any party to oppose production of any information on any other ground or to bring before the Court at any time the question of whether any particular information is or is not of a confidential nature or otherwise protectable under Rule 26 of the Federal Rules of Civil Procedure as contemplated by the provisions of this Order. The burden of proving the necessity of a "Confidential" designation remains with the party asserting confidentiality.

Any party may at any time request from any other party or third party, in writing, the removal of a designation of documents, material, information, or things as "Confidential" or "Highly Confidential." Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information. If the dispute cannot be resolved, the party who so

designated the documents shall have fifteen (15) days from the date of the conference to move for an Order confirming the designation. The parties hereto retain the right to apply to the Court for an order affording additional protection to any material produced herein as the circumstances may warrant.

**12. Subpoena by Other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of "Confidential" or "Highly Confidential" material that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall (1) promptly object to the production of "Confidential" or "Highly Confidential" material by setting forth the existence and force of this Protective Order and (2) notify the designating party of the subpoena or order within five (5) days of receiving such subpoena and provide a complete copy of the subpoena or order to the designating party. If the designating party wishes to object, it must do so within ten (10) days of receiving notice of such subpoena or such shorter time fixed by the order or subpoena from such other court or agency, with a copy to the entity from whom disclosure of "Confidential" or "Highly Confidential" material is sought. "Confidential" or "Highly Confidential" material shall not be produced if written notice of objection by the designating party is received within that time period and the designating party objecting to production has made all necessary court filings and/or motions and has secured appropriate protection of the "Confidential" or "Highly Confidential" material; however, in the absence of appropriate protection, the receiving party may comply with the subpoena or order if it must do so to avoid being sanctioned or placed at risk of other legal penalties for its failure to comply with the subpoena or order.

**13. Non-Termination**

This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within ninety (90) days after the final conclusion of this case the "Confidential" or "Highly Confidential" material produced in this litigation shall, upon request of the producing party, be either destroyed or returned to that party; provided, however, that counsel for each party may retain one copy of such material for their respective files.

Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates "Confidential" or "Highly Confidential" material on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

**14. Modification**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**15. Improper Disclosure of "Confidential" or "Highly Confidential" Material**

Disclosure of "Confidential" or "Highly Confidential" material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate.

**SO ORDERED**.

Signed: October 17, 2016

David C. Keesler
United States Magistrate Judge


Consented To:

| | |
|---|---|
| /s/ Fred B. Monroe | /s/ Brian L. Church |
| Fred B. Monroe | Charles E. Johnson |
| Richard B. Fennell | Brian L. Church |
| 600 South College Street | Robinson Bradshaw & Hinson, P.A. |
| Charlotte, North Carolina 28202 | 101 North Tryon Street, Suite 1900 |
| Phone: 704.372.9870 | Charlotte, North Carolina 28246 |
| Fax: 704.333.5508 | Phone: 704.377.2536 |
| fmonroe@jmdlaw.com | Fax: 704.378.4000 |
| rfennell@jmdlaw.com | cejohnson@robinsonbradshaw.com |
| | bchurch@robinsonbradshaw.com |

*Attorneys for Defendant Suminoe Textile of America Corporation*   *Attorneys for Plaintiff Triangle Automotive Components, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:15-CV-635-RJC-DCK**

| | | |
|---|---|---|
| TRIANGLE AUTOMOTIVE COMPONENTS, LLC,<br><br>Plaintiff,<br>v.<br><br>SUMINOE TEXTILE OF AMERICA CORPORATION,<br><br>Defendant.<br>______________________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **<u>ACKNOWLEDGEMENT OF PROTECTIVE ORDER</u>** |

1. I hereby attest to my understanding that material, information or documents designated as "Confidential" are provided to me subject to the Protective Order ("Order") dated _________ __, 2016, in the above-captioned litigation (the "Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as either "Confidential" or "Highly Confidential" pursuant to the Order.

2. I further agree that I shall not disclose to others, except in accord with the Order, any "Confidential" or "Highly Confidential" material, in any form whatsoever, and that such "Confidential" or "Highly Confidential" material and the information contained therein may be used only for the purposes authorized by the Order.

3. I further agree that I will not take notes or otherwise record, summarize or attempt to reproduce any documents and information designated as either "Confidential" or

"Highly Confidential" pursuant to the Order unless the Parties have agreed to such actions in writing.

4. I further agree to return all copies of any "Confidential" or "Highly Confidential" material I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than 90 days after the conclusion of this case.

5. I further agree and attest to my understanding that my obligation to honor the confidentiality of such "Confidential" or "Highly Confidential" material will continue even after this case concludes.

6. I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court presiding over this action, for the purposes of any proceedings relating to enforcement of the Order.

7. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement of Protective Order, regardless of whether the Order has been entered by the Court.

By: _____ [signature]
_____ [printed name]
_____ [title]
_____ [organization/company]

Date: _____